UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
SHEKHEM' EL-BEY,                              :
:
:  05-CV-7270 (TPG)
:
– against –                                   :  **OPINION**
:
CITY OF NEW YORK, et al.,                     :
:
Defendant.              :
:
------------------------------------------------x

Plaintiff, proceeding pro se, seeks vacatur of an order issued by United States District Judge John E. Sprizzo on September 30, 2008. Plaintiff filed an identical motion in a separate case before United States District Judge Alison J. Nathan. Plaintiff's motion is denied on *res judicata* grounds because Judge Nathan has already decided the motion.

Background

Plaintiff, a former correction officer, has filed ten actions against the City of New York and other defendants in state and federal courts. Plaintiff alleges that defendants unconstitutionally terminated his employment because of his race, ethnicity, and religion. In 2006, Judge Sprizzo dismissed plaintiff's federal law claims in their entirety. See Shekhem' El-Bey v. City of New York, 419 F. Supp. 2d 546, 553 (S.D.N.Y. 2006). Nonetheless, in 2008 plaintiff filed a new complaint with a number of claims identical to those already dismissed.

Rather than treat the new complaint as initiating a separate action, Judge Sprizzo directed the pro se office to "docket [the new complaint] as a 60(b) motion," which is a motion for relief from judgment. See Dkt. # 11-1. Judge Sprizzo then denied the motion, reasoning that to the extent plaintiff asserted claims identical to those already dismissed, those claims were barred by the doctrine of *res judicata*, and that plaintiff's new federal law claims were meritless. See Order of Sept. 30, 2008, Shekhem' El-Bey v. City of New York, No. 00-CV-9260(JES), at 1–2 (S.D.N.Y. 2008).

Plaintiff filed numerous additional cases in federal court. One of these cases, filed in 2005, was assigned to the undersigned. See Shekhem' El-Bey v. City of New York et al., No. 05-CV-07270 (TPG). The undersigned dismissed this case at plaintiff's request. See Dkt. #5. Another of these cases, filed in 2013, was assigned to Judge Nathan. See Shekhem El Bey v. The City of New York et al., No. 13-CV-08927(AJN).

In 2014, plaintiff filed a motion before the undersigned and a motion before Judge Nathan seeking vacatur of Judge Sprizzo's 2008 order for "fraud upon the court." On October 31, 2014, Judge Nathan denied plaintiff's motion in its entirety and granted summary judgment in defendants' favor. See Memorandum and Order of October 31, 2014, No. 13-CV-08927(AJN) (S.D.N.Y. 2014). Plaintiff's identical motion before the undersigned is still outstanding.

Discussion

The doctrine of *res judicata* precludes parties from relitigating claims or issues that have already been decided. Allen v. McCurry, 449 U.S. 90, 94 (1980). This "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Id. Four conditions must be satisfied in order for *res judicata* to apply: (1) the earlier decision must have been a final judgment on the merits; (2) the decision must have been rendered by a court of competent jurisdiction; (3) the prior case must have involved the same parties or their privies; and (4) the decision must have involved the same causes of action. Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. June 8, 2000).

A "judgment on the merits" for *res judicata* purposes is "not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment." Gianatasio v. D'Agostino, 862 F. Supp.2d 343, 349 (S.D.N.Y. 2012). Where a motion to vacate an order has already been decided, it may not be reargued before a different judge. See Elektra Entm't Grp. Inc. v. Santangelo, No. 06-CV-11520 (SCR)(MDF), 2008 WL 400934, at *1 (S.D.N.Y. Feb. 11, 2008).

Plaintiff filed identical motions before the undersigned and before Judge Nathan seeking vacatur of Judge Sprizzo's 2008 order. Plaintiff alleges that Judge Sprizzo committed fraud upon the court by *sua sponte*

converting his civil complaint to a rule 60(b) motion. Mem. L. Supp. Pl's. Mot. Vacate at 2. Plaintiff filed his motion before the undersigned on May 21, 2014. See Dkt. # 9. He brought an identical motion before Judge Nathan on July 1, 2014 in his opposition papers to defendants' motion to dismiss in that case. See Mem. L. Opp. Defs'. Mot. Dismiss at 22–23, Shekhem El Bey v. The City of New York et al., No. 13-CV-08927(AJN) ("Plaintiff herein moves to either set aside, vacate or vacate as void, the summary order of Judge Sprizzo dated September 30, 2008 for fraud upon the court . . . ."). Plaintiff had also raised the issue in his Third Amended Complaint before Judge Nathan, filed May 12, 2014. TAC ¶ 6, Shekhem El Bey v. The City of New York et al., No. 13-CV-08927(AJN).

Judge Nathan denied plaintiff's motion to vacate Judge Sprizzo's order in its entirety. See Mem. & Order of Oct. 31, 2014 at 9, Shekhem El Bey v. The City of New York et al., No. 13-CV-08927(AJN) (S.D.N.Y. Oct. 31, 2014). Judge Nathan determined that plaintiff's request for relief from Judge Sprizzo's order was untimely, and that to the extent plaintiff "calls upon this Court to exercise its discretionary power under Rule 60(d) . . . to set aside the prior judgment or orders against Plaintiff . . . there is no basis for doing so." Id. Judge Nathan went on to grant defendants summary judgment against plaintiff on all of his claims. Id. at 11.

Judge Nathan's order denying plaintiff's Rule 60 motion has a preclusive effect on the same motion here. Judge Nathan fully

adjudicated the merits of the motion, and found that it was time-barred or without basis. Id. The United States District Court for the Southern District of New York, where Judge Nathan sits, is unquestionably a court of competent jurisdiction. Moreover, both the case before the undersigned and the case before Judge Nathan involved substantially the same parties, including the City of New York, Rudolph Giuliani, Bernard Kerik, and others. Finally, the motion was identical in both cases, seeking relief from Judge Sprizzo's order dated September 30, 2008. Thus, Judge Nathan's decision denying plaintiff's Rule 60 motion has preclusive effect on the same motion here. Plaintiff's motion is denied.

## Conclusion

Plaintiff's motion to vacate Judge Sprizzo's order of September 30, 2008 is denied because the matter has already been decided by Judge Nathan.

This opinion resolves the item listed as docket number 9 in this case.

SO ORDERED

Dated: New York, New York
December 4, 2014

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____